IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JAMES RICHARD McCARTY and VICTORIA L. McCARTY,<br><br>      Plaintiffs,<br><br>  vs.<br><br>GCP MANAGEMENT, LLC, a Utah Limited Liability Company, GATEWAY CAPITAL PARTNERS, JOHN DOES 1-10, and DOE ENTITIES 1-10,<br><br>      Defendants.<br>_____<br>GCP MANAGEMENT, LLC,<br><br>      Counterclaim Plaintiff,<br><br>  vs.<br><br>JAMES RICHARD McCARTY, VICTORIA L. McCARTY,<br><br>      Counterclaim Defendants.<br>_____ | CIVIL NO. 10-00133 JMS/KSC<br><br>ORDER ADOPTING MAGISTRATE JUDGE'S FINDING AND RECOMMENDATION THAT DEFENDANT/COUNTERCLAIM PLAINTIFF GCP MANAGEMENT, LLC'S MOTION FOR CONFIRMATION OF SALE, FOR DEFICIENCY JUDGMENT, AND FOR WRIT OF POSSESSION BE GRANTED |

**ORDER ADOPTING MAGISTRATE JUDGE'S FINDING AND RECOMMENDATION THAT DEFENDANT/COUNTERCLAIM PLAINTIFF GCP MANAGEMENT, LLC'S MOTION FOR CONFIRMATION OF SALE, FOR DEFICIENCY JUDGMENT, AND FOR WRIT OF POSSESSION BE GRANTED**

## I. INTRODUCTION

Plaintiffs/Counterclaim Defendants James and Victoria McCarty ("Plaintiffs") object under Local Rule ("LR") 74.2 and 28 U.S.C. § 636(b)(1) to an April 20, 2011 Findings and Recommendation ("F&R") of United States Magistrate Judge Kevin Chang.[1] The F&R addressed Defendant/Counterclaim Plaintiff GCP Management, LLC's ("GCP") Motion for Confirmation of Sale, for Deficiency Judgment, and for Writ of Possession ("Motion") [Doc. No. 49], made factual findings, and recommended that the Motion be granted. The court now OVERRULES the objections and ADOPTS the F&R. The Motion is GRANTED according to the terms set forth in the F&R.

## II. BACKGROUND

On November 17, 2010, this court granted GCP's Motion for Summary Judgment on Plaintiffs' claims against GCP, primarily seeking to void GCP's note and mortgage. The court also granted GCP's affirmative Motion for Summary Judgment on its counterclaim for foreclosure on the subject property (an approximately 4,000 square foot house on approximately 1.5 acres located at 0 Honokohau Bay between Mileposts 36 and 37, Maui, Hawaii) as described in

---

[1] The F&R was signed on April 20, 2011 but was filed and served on April 22, 2011. Doc. No. 57.

Exhibit A, attached to the F&R.  Given the November 17, 2010 Order, GCP was entitled to a decree of foreclosure on the subject property.  Doc. No. 38.

Accordingly, on December 9, 2010, this court granted a decree of foreclosure that, among other things, appointed a foreclosure Commissioner (Gary Robert, Esq., of Lahaina, Maui, Hawaii) to take steps to sell the property at public auction according to state law and terms set forth in the decree.  Plaintiffs did not object to the form of the foreclosure decree, and agreed in the selection of the Commissioner.  Doc. No. 40.

Commissioner Robert conducted the sale according to the terms of the foreclosure decree, and filed a Commissioner's Report on February 16, 2011.  Doc. No. 48.  Meanwhile, on January 5, 2011 Plaintiffs appealed to the Ninth Circuit Court of Appeals from the Order Granting GCP's Motion for Summary Judgment, and corresponding Rule 54(b) Judgment.  Doc. No. 41.  Plaintiffs, however, did not seek a stay of the foreclosure proceedings, and did not post or seek approval of a bond in accordance with Rule 8 of the Federal Rules of Appellate Procedure and Rule 62 of the Federal Rules of Civil Procedure.

On February 23, 2011, GCP filed the instant Motion for Confirmation of Sale, for Deficiency Judgment, and for Writ of Possession.  Doc. No. 49.  The matter was referred to Magistrate Judge Chang under LR 72.4 and 28 U.S.C.

§ 636(b). On April 7, 2011, Magistrate Judge Chang held an oral hearing on the matter, and also allowed further bidding on the property, but no interested bidders were present. Doc. No. 56. On April 22, 2011, Magistrate Judge Chang entered his written F&R that, among other things, (1) deemed GCP's winning bid of $1.5 million to be fair and reasonable and "as high as any that can be obtained under the circumstances," F&R ¶ 5, (2) determined that the proceedings were conducted in accordance with the foreclosure decree, (3) and found that the total principal, interest, and charges were $4,190,769.55 as of April 7, 2011, with default interest accruing at $1,863.75 per day, costs of $47,699.30, and fees of $727.15, *id.* ¶ 7. Magistrate Judge Chang recommended, among other matters, (1) approval of the Commissioner's Report, (2) confirmation of the sale, (3) transfer of title to the property within thirty-five days after the order of confirmation is filed, and (4) issuance of a writ of possession. *Id.* ¶¶ 8A, 8B, 8C, 8D. He also recommended disbursement of sale proceeds and entry of a deficiency judgment against Plaintiffs. *Id.* ¶¶ 8F, 8H.

On May 2, 2011, Plaintiffs filed their "Opposition to Proposed Findings and Recommendations," Doc. No. 58, which this court construes as an Objection under LR 74.2. On May 4, 2011, GCP filed a Response to the Objection. The matter is suitable under LR 7.2(d) for decision without a hearing.

4

## III. STANDARD OF REVIEW

When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673 (1980); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise."). Under a de novo standard, this court reviews "the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered." *Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1004 (9th Cir. 2006); *United States v. Silverman*, 861 F.2d 571, 576 (9th Cir. 1988). The district court need not hold a de novo hearing; however, it is the court's obligation to arrive at its own independent conclusion about those portions of the magistrate judge's findings or recommendation to which a party objects. *United States v. Remsing*, 874 F.2d 614, 616 (9th Cir. 1989).

## IV. DISCUSSION

Plaintiffs' primary argument is the same as was made to Magistrate Judge Chang: the $1.5 million bid is too low. They assert that the amount is much

lower than an appraisal from November 2008 that estimated the property's value at $6.5 million, and a November 2007 appraisal of $4.24 million. Pls.' Obj. Exs. A & B, Doc. Nos. 52-2 & -3. They contend there is no foundation for the Commissioner's opinion that the bid of $1.5 million is fair and reasonable. They offer the opinion of co-Plaintiff Victoria McCarty (a licenced real estate salesperson who is familiar with the East Maui real estate market) analyzing a "Comparative Market Analysis Summary Report," compiled by the Realtors Association of Maui. Victoria McCarty concludes that the present market value of the subject property is "a minimum of $6,350,000." Decl. of Victoria McCarty (May 1, 2011) ¶ 26, Doc. No. 52-1. They contend the bid is "grossly inadequate as to shock the conscience." *Industry Mortg. Co. v. Smith*, 94 Haw. 502, 510, 17 P.3d 851, 859 (Haw. App. 2001) (quoting *Hoge v. Kane*, 4 Haw. App. 533, 540, 670 P.2d 36, 40 (1983)).

The court disagrees. The foreclosure proceedings occurred in complete accordance with the foreclosure decree. The Commissioner complied with the terms for published notices, open houses, and a public sale. Plaintiffs have not challenged these procedures. They did not challenge the form of the foreclosure decree. No effort was made, for example, to require special notification or advertising for a "high end" property. Magistrate Judge Chang re-

opened bidding at the April 7, 2011 hearing, but no interested persons made a new bid. And, as GCP argues, Plaintiffs have had every opportunity in the past year to obtain a buyer.

As GCP points out, the 2008 appraisals relied upon by Plaintiffs are outdated (particularly given the upheaval in the real estate market since late 2008) and were estimates done before construction was completed. Doc. No. 52-2, at 10. Plaintiffs do not have a current appraisal. GCP also argues that the property is yet to be landscaped, and now has an adverse claim to ownership recorded on it. Resp. at 6, Doc. No. 59, at 6. GCP also emphasizes that the opinion of Victoria McCarty is suspect because seven of the ten properties on her "Comparative Market Analysis" were sold over two years ago -- today's market may be different -- and are located in more accessible areas of Maui, whereas the subject property is located in a "conservation district" in a relatively remote area of Maui. In short, the appraisals are not binding and depend on a variety of variables that limit their utility in this court's task of assessing whether the $1.5 million bid "shocks the conscience" as being too low. In this regard, the Commissioner's Fact Sheet indicated that the current assessed value for purposes of Maui County real property taxes is $1,204,400 -- nearly $300,000 *less* than the bid price -- and so there is certainly a foundation for the Commissioner's opinion of market value.

Commissioner's Report, Ex. A at 2; Doc. No. 48-1 at 2.

Given no irregularities in the foreclosure proceedings, and the ambiguous information regarding market value, the court agrees with Magistrate Judge Chang's findings that (1) Plaintiffs have presented no credible evidence that GCP's bid is "so grossly adequate as to shock the conscience," F&R ¶ 4, (2) the bid is "fair, equitable, and as high as any that can be obtained under the circumstances," *id.* ¶ 5, and (3) the GCP's winning bid of $1.5 million should be confirmed.

Plaintiffs have also presented no valid reason to delay the transfer of title so to allow another auction. There is no indication that another bidder is interested in buying the property for a higher price. And indeed, as GCP contends, a future bid could be less. *See Sugarman v. Kapu*, 104 Haw. 119, 126, 85 P.3d 644, 651 (2004) ("[A] republication of the notice of sale and a second public auction . . . would not guarantee that greater interest in the property would be generated, or that a higher bid would be obtained. Rather, a second public auction might reduce the efficiency of the judicial sale process by increasing costs of the sale.") (citations omitted).

It is true that, over five months ago, Plaintiffs filed an appeal from the foreclosure decree and judgment. *See City Bank v. Abad*, 106 Haw. 406, 412-13,

105 P.3d 1212, 1218-19 (Haw. App. 2005) ("[F]oreclosure cases are bifurcated into two separately appealable parts: (1) the decree of foreclosure and the order of sale, if the order of sale is incorporated within the decree; and (2) all other orders.") (citations omitted). But they did not file a motion to stay foreclosure proceedings. They did not post a supersedeas bond, nor cite to any exception, as appears to be required in this situation under Rule 8 of the Federal Rules of Appellate Procedure and Rule 62 of the Federal Rules of Civil Procedure. The court thus finds no reason to delay transfer of title, or to delay issuance of a writ of possession.[2]

## V. CONCLUSION

For the foregoing reasons, the court OVERRULES Plaintiffs' objections, and ADOPTS the April 20, 2011 Findings and Recommendation that Defendant/Counterclaim Plaintiff GCP Management, LLC's Motion for Confirmation of Sale, for Deficiency Judgment, and for Writ of Possession be Granted, as the opinion and order of this court. The Motion for Confirmation of

///

///

///

---

[2] A 14-day automatic stay would appear to apply to a judgment entered on the present order. Fed. R. Civ. P. 62(a).

Sale, for Deficiency Judgment, and for Writ of Possession [Doc. No. 49] is GRANTED as stated in the April 20, 2011 Findings and Recommendation.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 23, 2011.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*McCarty, et al. v. GCP Mgm't, LLC, et al*., Civ. No. 10-00133 JMS/KSC, Order Adopting Magistrate Judge's Finding and Recommendation that Defendant/Counterclaim Plaintiff GCP Management, LLC's Motion for Confirmation of Sale, for Deficiency Judgment, and for Writ of Possession be Granted